[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION FOR EXEMPTION FROM EXECUTION (#104)
On November 18, 1997, a New Jersey court rendered judgment in favor of the plaintiff, Electric Boat Corporation, in its action against the defendant, Jeffrey J. Cooke. In that action, the plaintiff sought a return of cash advances, totaling $6,592.32, which were made to the defendant in the course of his overseas employment with the plaintiff. The defendant asserted a counterclaim against the plaintiff for a return of wages which the plaintiff withheld from the defendants pay as a "hypothetical income tax deduction." The Honorable John J. Harper, Superior Court of New jersey, dismissed the defendant's counterclaim, and entered judgment for the plaintiff in the amount of $6,592.32.
The plaintiff filed its foreign-court judgment with this court on October 29, 1998. After entering judgment for the plaintiff without trial this court issued a writ of execution on January 26, 1999.
On March 18, 1999, the defendant filed a motion for exemption from execution of the judgment. The court heard oral argument at short calendar on March 22, 1999.
As grounds for his motion, pursuant to General Statutes §50a-34(b)(3)[1], the defendant asserts that the cause of plaintiff's action on which the judgment is based is repugnant to the public policy of Connecticut as enunciated in General Statutes §§ 31-71e[2] and 31-73.[3] Specifically, the defendant argues that the plaintiff's policy of withholding a "hypothetical income tax deduction" from his pay is a violation of both §§ 31-71e and 31-73.
According to the employment agreement between the plaintiff and defendant, the defendant agreed to a deduction "from [his] total overseas compensation an amount (the hypothetical tax deduction) that approximates the U.S. income taxes that would have been due on [his] regular Company earnings if [he] were working in the United States." The purpose of the hypothetical deduction "is that the employee neither bear the burden of income CT Page 5372 taxes which are more, nor receive a benefit from income taxes which are less than those income taxes which he/she would have paid had the employee remained in the United States." See Defendants Exhibit B, Agreement § I. (F).
This court finds that the plaintiff's corporate policy of withholding a hypothetical tax deduction from the defendant's pay does not violate either § 31-71e or § 31-73, and therefore, is not repugnant to the public policy of this state. As the New Jersey court noted, the plaintiff's policy is accepted in the industry, and allows the employee to expect to receive the same level of net income as he/she would have in the United States. The plaintiff's policy does not violate §§ 31-71e and31-73 because it is empowered to withhold taxes under federal law. In addition, the defendant provided written authorization to the plaintiff to make such withholdings by entering into the employment agreement.
The defendant further argues that, in violation of §31-73(b), the plaintiff required agreement to the hypothetical deduction as a precondition to "secure employment or continue in employment." However, section 31-73(c) goes on to state that the provisions of that section "shall not apply to any deductions from wages made in accordance with the provisions of any law, or of any rule or regulation made by any governmental agency." As found by the New Jersey court, the plaintiff is permitted, pursuant to federal tax regulations and revenue rulings, to make hypothetical tax deductions from its employees salaries.
This court concludes that the foreign judgment was not based on a cause of action which is repugnant to the public policy of this state. Accordingly, the defendant's motion for exemption from execution is denied.
D. Michael Hurley, Judge Trial Referee